**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-7224**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ALBERT CHARLES BURGESS, JR.,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:09-cr-00017-GCM-WCM-1)

─────────────

Submitted:  February 16, 2023                  Decided:  February 22, 2023

─────────────

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Albert Charles Burgess, Jr., Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., has noted an appeal from the district court's order denying his motion to correct sentence. Burgess' motion was, in substance, a successive 28 U.S.C. § 2255 motion. The denial of this motion is not appealable in the absence of a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Burgess' motion challenged the validity of his conviction and sentence and should have been construed as a successive § 2255 motion.* *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this Court, the district court lacked jurisdiction to hear Burgess' successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

* The district court denied relief on Burgess' initial § 2255 motion on the merits in 2015.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*